ESTATE OF Rudy TORRES, aka: Rudy Torres; Angela Rubio, Administrator of the Estate of Rudy Torres aka Rudy Torres; Angela Rubio, Plaintiffs—Appellants,

v.

MONUMENTAL LIFE INSURANCE COMPANY, Defendant—Appellee,

and

Voluntary Dispute Resolution Neutral, Defendant.

No. 02–16010.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2003.*

Decided June 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, and HAWKINS, Circuit Judges, and ZILLY, District Judge.**

### MEMORANDUM ***

The Estate of Rudy Torres ("Estate") appeals the summary judgment dismissal of its claim against Monumental Life Insurance Company alleging breach of the covenant of good faith and fair dealing by denying accidental death insurance benefits following Torres' death. Monumental Life claims Torres' death was caused by his taking a drug other than as prescribed by a physician, and benefits were therefore excluded by the policy.

The district court did not err in granting summary judgment on the Estate's claim for breach of the covenant of good faith and fair dealing. The record shows that Monumental Life made a reasonable investigation into the claim for benefits, review-ing Torres' records, interviewing several doctors, and exploring the contention that Torres' liver was not able to metabolize his medication. Further, a genuine dispute exists as to the circumstances of Torres' death, in particular, whether the medication he ingested was taken "as prescribed by a physician" and his liver failed to metabolize it, or whether Torres ingested an overdose. California law provides that denial of coverage is not unreasonable and does not constitute bad faith if there is a genuine issue as to the insurer's liability. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 335, 346–47, 108 Cal. Rptr.2d 776 (2001). As the district court noted, "there are unanswered factual questions regarding the exact nature of Torres' death." In such a situation, it was not error to determine that Monumental Life did not act in bad faith as a matter of law. *See id.* at 347, 108 Cal.Rptr.2d 776.

Although the Estate offered orally to amend the complaint to add a cause of action for breach of contract, no motion to amend was ever presented. Failing to grant a motion never presented cannot be the stuff of which an abuse of discretion can be made. The district court alerted counsel for the Estate that a formal motion would be necessary. Under these circumstances, we cannot say that the policy favoring liberal allowance of amendments has been violated. *Cf. Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir.2000).

AFFIRMED.

---

** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.